PEOPLE *v.* HARRIS.

CRIMINAL LAW—ACCEPTING THE EARNINGS OF A PROSTITUTE—NON-JURY TRIAL.

Defendant's conviction in a nonjury trial of the crime of accepting the earnings of a prostitute *held*, not to have been a denial of process of law, where the record indicates the trial court actively protected the defendant's rights, and, while a large portion of the testimony of the prosecutor's main witness was uncorroborated, it was, if believed, sufficient to determine the guilt of the defendant (CL 1948, § 750.457).

Appeal from the Recorder's Court of Detroit; Davenport (Elvin L.) J. Submitted Division 1 February 9, 1966, at Detroit. (Docket No. 615.) Decided June 28, 1966. Leave to appeal denied by Supreme Court September 15, 1966. See 378 Mich 732.

Curtis Harris was convicted of accepting the earnings of a prostitute. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

J. H. GILLIS, P. J. Defendant was convicted of the crime of accepting the earnings of a prostitute,

REFERENCES FOR POINTS IN HEADNOTE
42 Am Jur, Prostitution §§ 9, 22, 23.

contrary to CL 1948, § 750.457 (Stat Ann 1954 Rev § 28.712) in a nonjury trial. The defendant alleges that he did not receive a fair trial in that the court deprived him of due process of law by rendering a verdict of guilty upon insufficient evidence. An examination of the 492-page transcript presents a sordid picture of transactions between a prostitute and her pimp. The record indicates the trial court actively protected the defendant's rights; on several occasions the court interrupted the prosecutor's questions, prior to objections, ruling them improper.

While a large portion of the testimony of the prosecutor's main witness was uncorroborated, such testimony, if believed, was sufficient to determine the guilt of the defendant. The trial court in the instant case had the opportunity to observe the demeanor of the witnesses and to evaluate their credibility. This record supports the findings of the trial court.

Affirmed.

FITZGERALD, J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.